## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

JEROME JACKSON,               *
                              *
              Petitioner,     *
                              *
VS.                           *        CASE NO. 6:06-CV-24 (HL)
                              *             28 U.S.C. § 2254
BILLY BROWN,                  *
                              *
              Respondent.     *

## <u>REPORT AND RECOMMENDATION</u>

Before the court is Respondent's Motion to Dismiss Petition As Untimely.  On June 17, 1997, Petitioner Jackson, who is currently serving a sentence in the Smith State Prison in Glennville, Georgia, was convicted of malice murder and was sentenced to serve life in prison.  The Petitioner thereafter filed a direct appeal to the Georgia Supreme Court wherein the Court affirmed his convictions on May 26, 1998.  *See, Jackson v. State*, 500 S.E.2d 902 (1998).   Thereafter, on June 12, 2000, the Petitioner filed a state habeas corpus petition in the Tatnall County Superior Court which was denied on June 8, 2004.   (R-12, Exh. 1, 3).  Petitioner then filed in the Georgia Supreme Court a certificate of probable cause to appeal which was denied on January 24, 2005. (R-12, Exh. 4).  Petitioner then filed a Motion for Reconsideration which was denied on February 21, 2005. (R-12, Exh. 5).

Petitioner filed the current application for federal habeas relief claiming actual innocence on April 7, 2006.  The Respondent thereafter filed his Answer and Motion to Dismiss on June 30, 2006.  _____

**AEDPA Limitations Period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas

petition may not be filed more than one year from the "date on which the judgment becomes

*final." Id.* at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has
> expressly defined when a conviction becomes "final," albeit
> prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479
> U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated:
> "By *final,* we mean a case in which a judgment of conviction
> has been rendered, that availability of appeal exhausted, and the
> time for a petition for certiorari elapsed or a petition for
> certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708
> (emphasis added).

*Id.* at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C.

§ 2244(d). In calculating the one-year statute of limitations for filing a § 2254 petition, a

state prisoner's conviction does not become final until the expiration of the 90 days in which

the prisoner *could have petitioned* the United States Supreme Court for *certiorari* on direct

appeal. *Bond v. Moore,* 309 F.3d, 770, 773 (11th Cir. 2002). Therefore, Petitioner's

judgment of conviction became final on August 28, 1998, which was 90 days after the denial

of his direct appeal to the Georgia Supreme Court. Therefore, the AEDPA statute of

limitations began to run on Petitioner's § 2254 action on August 29, 1998, and expired on

August 28, 1999.

The 11th Circuit Court of Appeals has held that "[a] **state court** petition that is filed

following the expiration of the limitations period cannot toll that period because there is no

period remaining to be tolled." *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000). *See

Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001) (prisoner's motion for post-conviction relief

3

in state court, filed one year and four months after judgment of robbery conviction became final, did not toll the one year limitation of the AEDPA, and such limitation did not violate the *Suspension Clause*.).  Therefore, Petitioner's state habeas petition, which was not filed until June 12, 2000, was filed more than nine months after the expiration of his limitations period, and, as such, there was no time left to be tolled.

In his Traverse to Respondent's Motion to Dismiss, the Petitioner cites *Wyzykowski v. Dept' of Corrections*, 226 F.3d 1213 (11th Cir 2000) *and Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995) to support his claim of actual innocence.  He apparently concedes that his petition is untimely, but claims the holding in *Wyzykowski* should allow the case to proceed.  In *Wyzykowski*, a petitioner's habeas petition was found to be time barred and was dismissed by the district court.  Thereafter, the Eleventh Circuit remanded the case, stating that "[W]e agree with the Second Circuit that the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence."*Wyzykowski* at 1218.  In *Schlup v. Delo*, which the Petitioner also cites, the Supreme Court addressed the question of when a habeas petitioner can use a contention of actual innocence to excuse a procedural default of a claim so that the district court can review the merits of that claim. The Court stated that:

> "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.

> However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Id*. at 316.

In a procedurally similar case, a recent Eleventh Circuit decision citing *Wyzykowski,* found that:

> We have held that, in a situation as that presented here, where the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, we must first consider whether the petitioner can show actual innocence before we address whether an exception to the limitation period is required by the Suspension Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 2. *Wyzykowski v. Department of Corr.,* 226 F.3d 1213, 1218 (11th Cir.2000). In *Wyzykowski,* we left open the question of whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ because we found the record inadequate for our review of the actual innocence claim. *Id.* at 1218-19; *see also Sibley v. Culliver,* 377 F.3d 1196, 1205 (11th Cir.2004) ("Following *Wyzykowski,*" we declined to reach the merits of whether the Suspension Clause requires an exception to the § 2244 limitations period because the petitioner failed to make a sufficient showing of actual innocence).

*Arthur v. Allen*, --- F.3d ----, 2006 WL 1687574 (11th Cir. 2006).

Moreover, in *House v. Bell,* 126 S.CT. 2064, 2076-67 (2006), the United States Supreme Court observed that the *Schlup* Court, at 513 U.S. at 327, had held that prisoners asserting innocence as a gateway to defaulted claims must establish that, **in light of new evidence**, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." (emphasis added). The *House* Court noted that "to be

credible a gateway claim requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial..." *Schlup,* 513 U.S. at 324, 114 S.Ct. 851. *Id.* at 2077. Thus, the *House* Court concluded that "[A] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 126 S.Ct. at 2078.

Here, Petitioner Jackson has made a claim of actual innocence, asserting that the shooting at issue was accidental. Petitioner, however, would have been aware of that "evidence" prior to and at the time of his trial. The only "evidence" Petitioner proffers is an affidavit stating his claim that the shooting was accidental. The "evidence" presented is insufficient to excuse Petitioner's failure to heed the AEDPA one year limitations period based on the holdings in *Wyzykowski*, *Schlup* and *House.*

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 1st day of August, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE